# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **STEVEN RAY MATNEY,** | ) | Civil Action No. 7:19cv00067 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **HAYSI REGIONAL JAIL, et al.,** | ) | By: Michael F. Urbanski |
| Defendants. | ) | Chief United States District Judge |

Steven Ray Matney, a Virginia inmate proceeding pro se, commenced this action pursuant to 42 U.S.C. § 1983, against Major Billiter, Captain McCoy, and the Haysi Regional Jail ("Haysi").[1] Defendants filed a motion to dismiss and the motion is ripe for disposition. After reviewing the pleadings, the court grants defendants' motion to dismiss.

## I.

Matney alleges that during a cell search on December 16, 2018, staff at Haysi found pipe tobacco, a cell phone, and portable chargers in Matney's single cell.[2] When an investigator attempted to question Matney about the contraband, Matney "practiced his Fifth Amendment right and ask[ed] for an attorney call." Matney alleges that he was denied a call to an attorney on the "orders of" defendants Major Billiter and Captain McCoy. Matney was housed in the "booking" area for the next five days and was denied a telephone call each day. On December 21, 2018, Matney was allowed one telephone call. He called his attorney, but the attorney was not in his office, so Matney left a message with the attorney's secretary. Thereafter, Matney was moved to a special housing unit ("SHU"). Matney claims that he was denied additional telephone calls until

---

[1] Approximately one month after filing this action, Matney was transferred out of the Southwest Virginia Regional Jail Haysi Facility. See ECF No. 11.

[2] On December 25, 2019, after a disciplinary hearing, Matney was found guilty of smoking and/or possessing tobacco and possessing contraband.

January 4, 2019. Matney also summarily states that he "just went through a jury trial and [was] hindered from being allowed to contact an appeal attorney as well."

Matney alleges that, upon arriving in the SHU, he was given only one shower and no razor during the first five days, was not given recreation for twenty or twenty-five days, and was denied eye glasses, hygiene items, legal work (including transcripts and envelopes), and his personal property. While in the SHU, Matney claims that he was in his cell for twenty-three hours a day, did not have a book or hot meals (his meals are served on Styrofoam trays while other inmates received meals from a plate warmer), was allowed only one telephone call per month, was not allowed to finish his GED, and was not given the opportunity to lower his security classification level.[3] Matney baldly claims that his confinement in the SHU was "mental torture and physical[l]y not healthy." He states that the defendants are "responsible for the overall operation of" the jail and the "welfare of all the inmates."

Matney believes that he was "discriminated against" because he invoked his "Fifth Amendment right" and asked to speak to his attorney following the December 16, 2018 cell search. He argues that his placement in SHU was retaliation "because [he] used [his] constitutional right not to snitch." Matney claims that other inmates who possessed contraband were moved back to general population housing assignments before him. Matney also alleges that jail staff did not answer his grievances and did not allow him access to the law library for two weeks.

Defendants filed a motion to dismiss, arguing that Matney fails to state a § 1983 claim against defendants Major Billiter or Captain McCoy, and that the Haysi Regional Jail is not a proper defendant in a § 1983 action. In response to the motion to dismiss, Matney asserts that

---

[3] Matney remained in the SHU for approximately seventy-one days, from December 20, 2018 through March 1, 2019.

Major Billiter and Captain McCoy were present on December 16, 2018, when the investigator attempted to question Matney about the contraband and that both defendants refused to allow Matney to call his attorney when he requested to do so. He also argues that Major Billiter and Captain McCoy were "present [at the facility] every day" and "monitor[] everything that happens within the facility." Finally, he claims that Captain McCoy answered grievances and visited him while he was housed in the SHU.

## II.

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint to determine whether the plaintiff has properly stated a claim; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). In considering a Rule 12(b)(6) motion, a court must accept all factual allegations in the complaint as true and must draw all reasonable inferences in favor of the plaintiff. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Legal conclusions in the guise of factual allegations, however, are not entitled to a presumption of truth. Ashcroft v. Iqbal, 556 U.S. 662 (2009).

Although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations and quotations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level," id., with all the allegations in the complaint taken as true and all reasonable inferences drawn in the plaintiff's favor, Chao v. Rivendell Woods, Inc., 415 F.3d 342, 346 (4th Cir. 2005). Rule 12(b)(6) does "not require heightened fact pleading

3

of specifics, but only enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Consequently, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556). A claim is plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and if there is "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678.

In order to allow for the development of a potentially meritorious claim, federal courts have an obligation to construe pro se pleadings liberally. See, e.g., Boag v. MacDougall, 454 U.S. 364, 365 (1982). Moreover, "[l]iberal construction of the pleadings is particularly appropriate where . . . there is a pro se complaint raising civil rights issues." Smith v. Smith, 589 F.3d 736, 738 (4th Cir. 2009). Nevertheless, "[p]rinciples requiring generous construction of pro se complaints are not . . . without limits." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). "A pro se plaintiff still must allege facts that state a cause of action." Bracey v. Buchanan, 55 F. Supp. 2d 416, 421 (E.D. Va. 1999).

### III.

Matney alleges that defendants Major Billiter and Captain McCoy denied him the opportunity to call an attorney after contraband was found in his cell, that they are generally responsible for the operation of the jail and the welfare of inmates, and that Captain McCoy visited him in the SHU and responded to his grievances. The court concludes that Matney's allegations fail to state a plausible claim against Major Billiter or Captain McCoy and, therefore, will grant the motion to dismiss as to the claims against these defendants.

To the extent Matney alleges that the defendants violated his federal rights by denying him

the opportunity to call an attorney concerning his disciplinary charges for the contraband found in his cell, the allegation fails to state a claim. Inmates do not have a right to appointed or retained counsel in prison and jail disciplinary proceedings.[4] Wolff v. McDonnell, 418 U.S. 539, 569-70 (1974). Therefore, Matney's allegation does not state a cognizable § 1983 claim.

To the extent Matney alleges that Major Billiter and Captain McCoy are liable as supervisors, his allegations fail to state a cognizable claim. Supervisory liability under § 1983 may not be predicated only on the theory of respondeat superior. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 663 n.7 (1978). A claim that jail staff did not follow jail policies or procedures also does not state a constitutional claim. See United States v. Caceres, 440 U.S. 741, 752-55 (1978); Riccio v. Cnty. of Fairfax, Va., 907 F.2d 1459, 1469 (4th Cir. 1990) (holding that if state law grants more procedural rights than the Constitution requires, a state's failure to abide by that law is not a federal due process issue). To establish supervisory liability under § 1983, a plaintiff must show that: (1) the supervisor had actual or constructive knowledge that a subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to people like the plaintiff; (2) the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices"; and (3) that there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994). Matney's allegations are far too vague and conclusory to establish supervisory liability against the defendants and, thus, do not state a plausible § 1983 claim.

Finally, to the extent Matney alleges that Captain McCoy violated his rights by ruling

---

[4] The court also notes that Matney does not allege and there is no evidence to suggest that Matney was, or even could have been, subject to any criminal charges based on his conduct.

against him on grievances, his allegations fail to state a claim. "Ruling against a prisoner on an administrative complaint does not cause or contribute to [a constitutional] violation." George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007). Therefore, Captain McCoy is not liable under § 1983 for his responses to the grievances.[5] See Brown v. Va. Dep't Corr., No. 6:07cv33, 2015 U.S. Dist. LEXIS 12227, at *8, 2009 WL 87459, at *13 (W.D. Va. Jan. 9, 2009); see also Brooks v. Beard, 167 F. App'x 923, 925 (3d Cir. 2006). Accordingly, the court will grant the motion to dismiss as to Major Billiter and Captain McCoy.[6]

## IV.

Matney also named Haysi Regional Jail as a defendant. To state a cause of action under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). A jail is not a "person" subject to suit under § 1983. See McCoy v. Chesapeake Corr. Ctr., 788 F. Supp. 890, 894 (E.D.

---

[5] Moreover, to the extent Matney claims that jail staff failed to respond to his grievances, his claim also fails. An inmate has no constitutional right to participate in grievance proceedings. Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994).

[6] To the extent that Matney's allegations could be construed as living conditions, equal protection, retaliation, or access to court claims, they also fail to state a claim against the named defendants because Matney fails to allege any personal involvement by the defendants and his allegations are far too vague and conclusory. Matney fails to state a plausible living conditions claim because he does not establish that he suffered "a serious or significant physical or emotional injury," or that he was exposed to "substantial risk" of such serious harm, as a result of his time in the SHU. See Strickler v. Waters, 989 F.2d 1375, 1381 (4th Cir. 1993); Helling v. McKinney, 509 U.S. 25, 33–35 (1993). Matney fails to state a plausible equal protection claim because he fails to establish, with more than conclusory assertions, that he was treated differently from others with whom he was similarly situated or that any unequal treatment was the result of intentional or purposeful discrimination. See Veney v. Wyche, 293 F.3d 726, 730-31 (4th Cir. 2002) (quoting Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001)); Williams v. Hansen, 326 F.3d 569, 584 (4th Cir. 2003). Matney fails to state a plausible First Amendment retaliation claim because he fails to allege, with sufficient specificity, that he engaged in constitutionally protected First Amendment activity or that there was a causal relationship between a protected activity and the alleged discrimination. Martin v. Duffy, 858 F.3d 239, 249 (4th Cir. 2017). Finally, Matney fails to state a plausible access to courts claim because he has not alleged any specific injury resulting from being denied access to the law library or to counsel. See Christopher v. Harbury, 536 U.S. 403, 415 (2002); Lewis v. Casey, 518 U.S. 343, 349 (1996); Michau v. Charleston Co., 434 F.3d 725, 728 (4th Cir. 2006); Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir. 1996); Strickler v. Waters, 989 F.2d 1375, 1384 (4th Cir.1993).

Va. 1992). Therefore, the court will grant the motion to dismiss Matney's claims against the Haysi Regional Jail.[7]

V.

For the foregoing reasons, the court will grant defendants' motion to dismiss.

**ENTER**: This 13th day of January, 2020.

/s/ Michael F. Urbanski
Chief United States District Judge

---

[7] Even if the court were to construe Matney's claims as against Southwest Virginia Regional Jail Authority ("Jail Authority"), his claims nevertheless fail. "Local governing bodies . . . can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." Monell v. Dep't of Soc. Servs. of N.Y.C., 436 U.S. 658, 690 (1978). Thus, a governmental entity, such as a regional jail authority, is liable under § 1983 only when the entity itself is a "moving force" behind the deprivation. Polk Cnty. v. Dodson, 454 U.S. 312, 326 (1981). That is, the entity's official policy or custom must have played a part in the alleged violation of federal law. Oklahoma City v. Tuttle, 471 U.S. 808, 817-18 (1985). Although a pro se complaint is held to "less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted), a complaint must still "contain sufficient factual matter, accepted as true, to 'state a claim of relief that is plausible on its face,'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In this case, Matney does not allege that any official policy or custom of the Jail Authority was responsible for the violations he allegedly suffered and, therefore, Matney has failed to state a claim against the Jail Authority.